**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>$15,100.00 in United States Currency,<br><br>Defendant. | No. CV-25-00330-TUC-JCH<br><br>**ORDER** |

Before the Court is the United States' Motion for Default Judgment for Forfeiture as to $15,100 in United States currency, brought under Rule 55(b) of the Federal Rules of Civil Procedure. Doc. 13.

On June 20, 2025, the United States filed a Complaint for Forfeiture *In Rem* (Doc. 1). The Government alleged that the Defendant, $15,100 in United States Currency, was the proceeds of controlled substance trafficking or is traceable to controlled substance trafficking in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846. Doc. 1 ¶ 1, 5. The allegations are supported by an affidavit of United States Postal Inspection Service Postal Inspector James McFeely (Doc. 1-2). On January 13, 2025, Inspector McFeely was involved with the seizure of two Priority Mail Express packages: one containing $12,500 in United States currency, and the other containing $2,600 in United States currency. *Id.* at 2. The seizure followed an investigation into the parcels that cumulated in a U.S. Border Patrol canine altering to the presence of narcotics or a controlled substance on the currency. *See* Doc. 1-2 at 5–6.

On June 23, 2025, the Government gave notice of this forfeiture complaint to putative claimants Patricia McCammon and Christopher Reese. *See* Docs. 5, 6. Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture, the Government mailed the putative claimants copies of the Complaint, Warrant of Arrest *In Rem*, and Notice of Forfeiture Action. Pursuant to Rule G(4)(a)(iv)(C), the Government published notice of this forfeiture action on an official Government forfeiture website from June 25, 2025, to July 24, 2025. *See* Doc. 8. No claim, answer, or other defense has been filed by Patricia McCammon or Christopher Reese as to the Defendant Currency as required by Rule G(5). Accordingly, at the Government's request, the Clerk of Court entered default on September 10, 2025. *See* Docs. 11, 12.

After the Clerk has entered default under Federal Rule of Civil Procedure 55(a), the Court has discretion to grant default judgment pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)). Taking the allegations in the Complaint as true, the Defendant $15,100 in United States Currency is the proceeds derived from controlled substance trafficking or is traceable to controlled substance trafficking in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846. It is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that a default judgment be entered for the United States of America against the Defendant $15,100 in United States Currency.

**IT IS FURTHER ORDERED** that all right, title and interest in the Defendant $15,100 in United States Currency is hereby condemned, forfeited to and vested in the United States of America.

**IT IS FURTHER ORDERED** that the Defendant $15,100 in United States

Currency forfeited to the United States of America herein shall be disposed of according to law.

Dated this 2nd day of October, 2025.

John C. Hinderaker
United States District Judge